2891

Sarah S. E. Lora, OSB 042329
sarah.lora@lasoregon.org
Legal Aid Services of Oregon
397 N. First St.
Woodburn, OR 97071
Tel: 503-981-5291
Fax: 503-981-5292

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**MEDFORD DIVISION**

**JOSE MANUEL BUENROSTRO,**

Plaintiff,

v.

**YACOOBIAN RANCH, LLC,**

Defendant.

1:12-cv-594

**Case No:** 1:12 cv ~~584~~ - CL

**COMPLAINT**

**Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801-72**
**Fair Labor Standards Act, 29 U.S.C. §§ 201-19**
**Oregon Wage Laws**

Plaintiff alleges the following:

**JURISDICTION**

1. Plaintiff's claims for relief under AWPA arise under federal statute regulating commerce, and this court has original subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States; and 28 U.S.C. § 1337, as it arises under Acts of Congress regulating commerce.

2. Pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction of the claims based on Oregon state law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**PARTIES**

3. At all relevant times, plaintiff was employed by Yacoobian Ranch, LLC.

4. At all relevant times, defendant was a domestic limited liability corporation, doing business in Oregon.

**FACTS**

5. At all relevant times, defendant was an agricultural employer within the meaning of the AWPA, 29 U.S.C. § 1802(2) and under Oregon Wage Laws and employed plaintiff from April to July 2011.

6. At all relevant times, plaintiff was a migrant agricultural worker within the meaning of AWPA, 29 U.S.C. § 1802(8)(A).

7. In the beginning of April 2011, defendant contacted plaintiff while he was in Mexico and recruited plaintiff to work for defendant on its alfalfa farms.

8. Defendant told plaintiff that he would be paid $9 per hour, that there would be 3 months of work, that defendant would provide free housing, and that the housing would be in good condition.

9. Defendant did not provide plaintiff with any written statement of the terms and conditions of employment at the time of recruitment.

10. In April 2011, plaintiff flew from Mexico to Oregon for the job and paid approximately $400 in travel expenses.

11. On or about April 26, 2011, plaintiff began work on defendant's alfalfa farms.

12. Defendant did not post in a conspicuous place the rights afforded to its workers under AWPA.

13. Plaintiff lived in defendant's trailer on the ranch.

14. Defendant never provided plaintiff with a written statement of the terms and conditions of the housing.

15. The trailer did not have a heater, did not have hot water, the toilet did not work, and the roof leaked when it rained.

16. During his time in the trailer, plaintiff was forced to use the bathroom facilities of a neighbor.

17. From April 26, 2011 until July 9, 2011 plaintiff worked no less than 570 hours.

18. Defendant paid plaintiff $2038.50 (231.50 hours) for the work he performed.

19. On July 9, 2011, plaintiff complained to his supervisor about the bad living conditions and not receiving all his wages.

20. At that time, plaintiff's supervisor told him that complaints about the housing and pay would not be tolerated and that his employment was terminated and that he needed to vacate the housing.

21. Plaintiff left the work site and vacated the housing that same day.

22. On August 11, 2011, plaintiff, through his attorney, made a written demand for unpaid wages.

23. On October 11, 2011, defendant paid plaintiff his unpaid wages in full.

24. In March 2012, defendant called plaintiff's mother and father in Mexico and told them that plaintiff should drop any claims he has against defendant.

25. Defendant called plaintiff's mother and father in order to harass and intimidate plaintiff for pursuing his legal rights.

26. Plaintiff felt intimidated by defendant's call to his parents and fears for his parents' safety.

27. Plaintiff continues to suffer emotional distress from defendant's actions in calling his parents.

## CLAIMS FOR RELIEF

### First Claim – Agricultural Worker Protection Act

28. Defendant violated AWPA and regulations promulgated thereunder by:

a. Failing to provide plaintiff with a written statement of the terms and conditions of employment at the time of recruitment as required by 29 U.S.C. § 1821(a).

b. Failing to post in a conspicuous place the rights afforded to plaintiff under AWPA as required by 29 U.S.C. § 1821(b).

c. Failing to provide plaintiff with a written statement of the terms and conditions of the housing provided as required by 29 U.S.C. § 1821(c).

d. Knowingly providing false or misleading information to plaintiff concerning the terms and conditions of employment as prohibited by 29 U.S.C. § 1821(f).

e. Failing to pay plaintiff his wages when due as required by 29 U.S.C. § 1822(a).

f. Failing to ensure that the facility used to house plaintiff complied with substantive Federal and State safety and health standards as required by 29 U.S.C. § 1823.

g. Discharging and intimidating plaintiff for exercising his rights under AWPA in violation of 29 U.S.C. § 1855.

### Second Claim – Fair Labor Standards Act

29. Defendant discharged and discriminated against plaintiff for complaining that he had not been paid in accordance with the Fair Labor Standards Act in violation of 29 U.S.C. § 215(a)(3).

**Third Claim – ORS 652.145**

30. Defendant failed to pay plaintiff immediately upon termination of employment as required by ORS 652.145.

**Fourth Claim – ORS 653.060**

31. Defendant discharged and discriminated against plaintiff because he complained that he had not been paid in accordance with Oregon laws in violation of ORS 653.060.

**Fifth Claim – ORS 659A.199**

32. Defendant discharged, discriminated against and retaliated against plaintiff because the plaintiff in good faith reported that he believed he was not being paid in accordance with Oregon wage laws, in violation of ORS 659A.199.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter judgment in his favor and against the defendant as follows:

1. On his first claim for relief, award plaintiff his actual damages or $500.00 for each violation of AWPA, whichever is greater, pursuant to 29 U.S.C. § 1854(c)(1);

2. On his second claim for relief, award plaintiff reinstatement, back pay, and compensatory damages, pursuant to 29 U.S.C. § 216(b);

3. On his third claim for relief, award plaintiff $2160 in penalties pursuant to ORS 652.150;

4. On his fourth claim for relief, award plaintiff reinstatement, back pay, and compensatory damages, ORS 659A.885;

5. On his fifth claim for relief, award plaintiff reinstatement, back pay, and compensatory damages, ORS 659A.885;

6. Award plaintiff pre-judgment and post-judgment interest;

7. Award plaintiff his costs and reasonable attorney fees pursuant to 29 U.S.C. § 216(b), ORS 652.200 and ORS 659A.885(1);

8. Such other and further relief as this court deems just and proper.

DATED this 4th day of April, 2012.

Sarah S. E. Lora, OSB 042329
sarah.lora@lasoregon.org
Legal Aid Services of Oregon
397 N. First St.
Woodburn, OR 97071
Tel: 503-981-5291
Fax: 503-981-5292

Attorney for Plaintiff